UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| RAYMOND PETERSON, JR | : | |
| | : | |
| v. | : | C.A. No. 23-0012-WES |
| | : | |
| THE VANGUARD GROUP, INC., et. al. | : | |

**REPORT AND RECOMMENDATION
FOR SUMMARY DISMISSAL PURSUANT TO 28 U.S.C. § 1915(e)**

Lincoln D. Almond, United States Magistrate Judge

**Background**

On January 9, 2023, Plaintiff filed a pro se Complaint accompanied by an Application to Proceed Without Prepayment of Fees including the $402.00 per case filing fee. (ECF Nos. 1, 2). Plaintiff's Application (ECF No. 2) filed pursuant to 28 U.S.C. § 1915 has been referred to me for determination. 28 U.S.C. § 636; LR Cv 72. After reviewing Plaintiff's Application signed under penalty of perjury, I conclude that Plaintiff is financially unable to pay the fees and costs of this proposed civil case and thus, Plaintiff's Application to Proceed Without Prepayment of Fees (ECF No. 2) is GRANTED.

Having granted IFP status, I am required by statute to further review Plaintiff's Complaint sua sponte under 28 U.S.C. § 1915(e)(2) and to dismiss if it is "frivolous or malicious," "fails to state a claim on which relief may be granted" or "seeks monetary relief against a defendant who is immune from such relief." For the reasons discussed below, I recommend that Plaintiff's Complaint be DISMISSED because it is "frivolous," and "fails to state a claim on which relief may be granted." See 28 U.S.C. § 1915(e)(2)(B).

**Facts**

On the Civil Cover Sheet accompanying his filing, Plaintiff alleges that he has a cause of action against "Any Evil Corporation" and states that the nature of his suit is "other civil rights." (ECF No. 1-1 at p. 1.)   He names as Defendants, inter alia, the State of Florida, "child support and theme parks as well as NASA," U.S. Politicians, Congress, and Senate as well as the FBI and CIA, the NFL, NBA and MLB, Pfizer, Johnson & Johnson, Novartis and various Banks. (ECF No. 1 at pp. 1-5.)   In the "Statement of Claim" section of his Complaint, Plaintiff handwrote, "I holding all corporations accountable for treason crimes against Humit[sic]/Nuremberg + contempt of the Constitution +code." Id. at p. 6.   Further, in the "Relief" Section, he wrote "Death, Salvery [sic], human power abuse, treason, crimes against humant[sic]/money theft contempt of the constitution." Id.

**Standard of Review**

Section 1915 of Title 28 requires a federal court to dismiss an action brought thereunder if the court determines that the action is frivolous, fails to state a claim or seeks damages from a defendant with immunity.   28 U.S.C. § 1915(e)(2)(B).   The standard for dismissal of an action filed in forma pauperis is identical to the standard for dismissal on a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6).   See Fridman v. City of N.Y., 195 F. Supp. 2d 534, 538 (S.D.N.Y. 2002).   In other words, the court "should not grant the motion unless it appears to a certainty that the plaintiff would be unable to recover under any set of facts."   Roma Constr. Co. v. aRusso, 96 F.3d 566, 569 (1st Cir. 1996).   Section 1915 also requires dismissal if the court is satisfied that the action is "frivolous."   28 U.S.C. § 1915(e)(2)(B)(i).   A claim "is frivolous where it lacks an arguable basis either in law or in fact."   Neitzke v. Williams, 490 U.S. 319, 325 (1989).

**Discussion**

This Court is recommending that Plaintiff's Complaint be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).   In making this recommendation, this Court has taken all the allegations in Plaintiff's Complaint as true and has drawn all reasonable inferences in his favor.   Estelle v. Gamble, 429 U.S. 97 (1976).   In addition, this Court has liberally reviewed Plaintiff's allegations and legal claims since they have been put forth by a pro se litigant.   See Haines v. Kerner, 404 U.S. 519, 520-521 (1972).   However, even applying these liberal standards of review to Plaintiff's Complaint, dismissal is required because even when afforded a liberal construction, the Complaint fails to state a claim and is frivolous. From Plaintiff's Complaint, it is impossible to ascertain what specific federal law his claim is based upon, and what relief he is seeking.   As drafted, the Complaint does not inform Defendants or the Court as to the relevant facts and claims, nor does it permit Defendants to answer the Complaint and prepare for trial.   In short, as Judge Easterbrook summarized, "Rule 8(a) requires parties to make their pleadings straight forward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud." Parker v. Learn the Skills Corp., No. 03-6936, 2004 WL 2384993 (E.D. Pa. Oct. 25, 2004) (quoting United States, ex. rel. Garst v. Lockheed-Martin Corp., 328 F.3d 374, 378 (7th Cir. 2003)).

**Conclusion**

For the reasons stated, Plaintiff's Application to Proceed Without Prepayment of Fees (ECF No. 2) is GRANTED.   However, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii), I further recommend that Plaintiff's Complaint (ECF No. 1) be DISMISSED with prejudice.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen days of its receipt.   See Fed. R. Civ. P. 72(b); LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by

the District Court and the right to appeal the District Court's decision.  See <u>United States v. Valencia-Copete</u>, 792 F.2d 4, 6 (1st Cir. 1986); <u>Park Motor Mart, Inc. v. Ford Motor Co.</u>, 616 F.2d 603, 605 (1st Cir. 1980).


   /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
February 2, 2023